UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

MAIETTA ENTERPRISES, INC.,

Debtor.

Chapter 11
Case No. 11-20197

**MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL**

**I. INTRODUCTION**

1. Maietta Enterprises, Inc. (the "Debtor"), by and through its undersigned counsel, requests that this Court authorize payment of prepetition payroll and payroll related expenses of its employees. In support of this Motion, the Debtor states as follows:

**II. JURISDICTIONAL STATEMENT**

2. On February 23, 2011 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Code").

3. The Debtor is the successor by merger to GLM Associates, Inc. ("GLM"), Pleasant Hill Auto Sales, Inc. ("Pleasant Hill"), Maietta Foundations, Inc. ("Foundations"), M7 Properties, LLC ("M7"), and Maietta Enterprises, Inc. ("Enterprises"), which merged pursuant to 13-C M.R.S.A. § 1106 on or about February 17, 2011. The Debtor's business consists primarily of the following activities and operations incidental thereto: (a) a construction business that provides services such as excavation, road construction, drainage and sewage construction, foundation construction, backfilling, fine grading and snowplowing; (b) an automobile sales, repair

and towing business; and (c) the ownership, maintenance and rental of multiple real properties in southern Maine. As a result of the filing, the Debtor is now a debtor-in-possession with authority to operate its business pursuant to Sections 1107 and 1108 of the Code.

4. The Debtor shares certain some common officers, directors and shareholders with Maietta Construction, Inc. ("Construction"), which filed for Chapter 11 bankruptcy protection in July, 2010. Pursuant to an informal leasing agreement that began in 2010, Construction leases its employees to the Debtor, and the Debtor is responsible for funding the payment of the salary and benefits for such employees.

5. This Court has jurisdiction over the above-captioned bankruptcy case pursuant to 28 U.S.C. §§ 157(a), 1334(a), 1408(1) and Rule 83.6 of the Local Rules of the United States District Court for the District of Maine (the "District Court"), pursuant to which all cases filed in Maine under the Code are automatically referred by the District Court to this Court. This is a core proceeding. The Court has jurisdiction to enter a final order on this Motion pursuant to 28 U.S.C. §§ 157(b)(2)(A) (M) and (O).

### III. GENERAL ALLEGATIONS

6. As of the Filing Date, the Debtor directly employed twelve (12) people (the "Employees"). The Debtor also leases five (5) Construction employees pursuant to the terms of a staffing agreement with Construction. That staffing agreement was authorized by this Court in the Construction bankruptcy pursuant to an order dated July 22, 2010. Per the terms of the staffing agreement, Enterprise transfers funds to Construction on a weekly basis to permit Construction to pay the leased employees directly. This arrangement will continue post-petition.

7.      The Debtor pays the Employees on a bi-weekly basis. In addition, it transfers funds to Construction on the same bi-weekly basis to allow Construction to issue paychecks to its employees for their work on the Debtors' behalf. All Employees are paid on Friday for the two-week period ending the immediately preceding Wednesday. Additionally, Enterprises reimburses Employees for certain expenses incurred by them in the course of their employment.

8.      The Debtor commenced this Chapter 11 proceeding on Thursday, February 24, 2011. The Debtor last issued paychecks to the Employees on Friday, February 11, 2010, for the pay period ending on the prior Wednesday, February 9, 2011.

9.      On Friday, February 25, 2011, the Employees are due to receive payroll checks and related payroll expense reimbursement checks for the period from and after February 10, 2011, through February 23, 2011, the majority of which constitutes payment for a prepetition period.

10.     The Debtor estimates that the gross payroll for its Employees for work performed between February 10th and February 23rd, to be paid on February 25th, will be in the approximate amount of $17,500, which will be compensation for actual services performed by the Employees during the prepetition period referred to above and includes state and federal income tax withholding obligations and FICA contributions, other usual and customary withholdings, and other payroll related expenses and reimbursements.

11.     The Debtor utilizes ADP as its payroll service for most of the Employees (five of the Debtor's employees are paid directly by the Debtor[1]). Accordingly, in order

---

[1]     Four of these Employees are insiders of Enterprise: Thomas Maietta, Robert Maietta, James Maietta, and Neil Maietta. Paychecks to these four employees are for services provided to Enterprises in the ordinary course of business and none of the four will receive more than the amount that they would be entitled to claim as a priority claim under 11 U.S.C. § 507(a)(4) (*see* ¶ 12, *infra*).

3

to fund its payroll obligations, the Debtor must transfer the amount of its gross payroll (except for the five employees paid directly by the Debtor) to ADP firm on a timely basis, and prior to the date which payroll checks are due to be delivered to the Employees. For the five Employees paid directly by the Debtor needs funds to issue good checks to those Employees by Friday. Upon receipt of funds sufficient to satisfy the Debtor's relevant gross payroll obligations, ADP thereupon issues checks to Employees in the proper amounts, and makes payment, on behalf of the Debtor, of payroll and payroll related taxes. In addition, the Debtor also issues reimbursement checks directly to Employees.

12. If this Motion is granted, no single Employee will receive more than $11,725,00, such amount being the amount that such employee would be entitled to claim as a priority claim under the provisions of 11 U.S.C. § 507(a)(4) on account of prepetition wage and salary claims.

13. In addition to its gross payroll, the Debtor provides certain benefits to certain Employees, including, contributions to health insurance plans, retirement savings plans and the like. In some cases, contributions to such plans for the benefit of the Debtor's Employees will become due and payable after the Petition Date, on account of plan benefits incurred prior to the Petition Date. The Debtor seeks authority to make these plan benefit contributions as well.

14. It is in the best interest of the estate that the Court grant this Motion because the Employees are necessary for the operation of the Debtor's business, and, on the whole, a valuable asset, without which the value of the Debtor's estate would be substantially diminished. Meeting the prepetition payroll and payroll related expenses as

requested herein will help assure the continued services of Debtor's employees, and maintain and preserve the value of the Debtor's business and assets, for the benefit of the estate.

15. On February 24, 2011 the Debtor served, either electronically, facsimile transmission and first class U.S. mail, postage prepaid, or overnight mail provider, a copy of this Motion, proposed order and Notice of Hearing upon each of the Debtor's secured creditors, each of the twenty (20) largest unsecured creditors of the Debtor, and the United States Trustee's Office. The Debtor hereby requests that this Court find that such service is sufficient notice to all parties in interest at this stage of the proceeding.

WHEREFORE, the Debtor prays that this Court enter an order:

A. Finding that service as set for above was adequate notice to all parties in interest under the circumstances of the above-captioned case;

B. Granting this Motion;

C. Authorizing the Debtor to pay its prepetition payroll, payroll related taxes, and payroll related expenses and reimbursements for Employees directly employed by the Debtor, and to transfer funds to Construction to pay the same for Employees leased by the Debtor from Construction, all in accordance with this Motion;

D. Authorizing the Debtor to pay all contributions required to be paid to or for the account of employee benefit plans;

E. Authorizing and directing TD Bank and any other financial institution holding deposit accounts upon which the Debtor draws checks, to pay and honor checks issued to employees for reimbursement of employee expenses, and issued or dated prior to the Filing Date, upon proper presentment, to the extent of collected funds in the account; and

F. Granting such other and further relief as it deems just and proper.

Dated: February 24, 2010              MAIETTA ENTERPRISES, INC.

By: /s/ George J. Marcus
George J. Marcus, Esq.
David C. Johnson, Esq.
Attorneys for Debtor

MARCUS, CLEGG & MISTRETTA, P.A.
One Canal Plaza, Suite 600
Portland, ME  04101
Tel: 207.828.8000
gmarcus@mcm-law.com
djohnson@mcm-law.com

## **CERTIFICATE OF SERVICE**

       I, Holly C. Pelkey, hereby certify that I am over eighteen years old and caused a true and correct copy of the above document, proposed order and notice of hearing to be served on the parties at the addresses set forth on the **SERVICE LIST** attached hereto either via electronically, via facsimile and first class U.S. mail, postage prepaid, or overnight mail provider, on the 24th day of February, 2011.

                                            /s/Holly C. Pelkey
                                            Holly C. Pelkey
                                            Legal Assistant

**SERVICE LIST**

**IN RE MAIETTA ENTERPRISES, INC.**
**Chapter 11, Case No. 11-20197**

| | |
|---|---|
| U.S. Trustee's Office<br>537 Congress Street, 3rd Floor<br>Portland, ME 04101 | *served electronically* |
| Bangor Savings Bank<br>Attn: Scott Woodward<br>P.O. Box 930<br>Bangor, ME 04402-0930 | *by facsimile: 207-879-0474* |
| Bangor Savings Bank<br>c/o Jacob A. Manheimer, Esq.<br>Pierce Atwood<br>One Monument Square<br>Portland, ME 04101 | *by facsimile: 207-791-1350* |
| Berkley Regional Insurance Company<br>412 Mt. Kemble Avenue<br>Suite 310N<br>Morristown, NJ 07960 | *by overnight mail* |
| Berkley Regional Insurance Company<br>c/o Paula Lee Chambers, Esq.<br>Hinshaw and Culbertson, LLP<br>1 International Place, 3rd Floor<br>Boston, MA 02210 | *by facsimile: 617-213-7007* |
| Blackstone Equipment Financing, L.P.<br>P.O. Box 6305<br>Orange, CA 92863-6305 | *by facsimile: 949-250-8798* |
| Blackstone Equipment Financing, L.P.<br>c/o Thomas G. Ainsworth, Esq.<br>Ainsworth, Thelin & Raftice, P.A.<br>P.O. Box 2412<br>South Portland, ME 04116-2412 | *by facsimile: 207-767-4829* |
| Caterpillar Financial Services Corporation<br>2120 West End Avenue<br>Nashville, TN 37203 | *by facsimile: 615-341-6200* |
| Caterpillar Financial Services Corporation<br>c/o Randy J. Creswell, Esq.<br>Perkins Thompson, P.A.<br>P.O. Box 426<br>Portland, ME 04112-0426 | *by facsimile: 207-871-8026* |
| Daimler Trust<br>1011 Warrenville Road<br>Suite 600 | *by overnight mail* |

Lisle, IL  60532

DCFS USA LLC                                              *by facsimile: 888-220-9853*
13650 Heritage Parkway
Fort Worth, TX  76177

Ford Credit                                               *by facsimile: 402-498-6980*
P.O. Box 94380
Palantine, IL  60094-4380

GEMB Lending, Inc.                                        *by facsimile: 800-504-2647*
P.O. Box 5064
Costa Mesa, CA  92628

Gorham Savings Bank                                       *by facsimile: 207-839-4757*
10 Wentworth Drive
Gorham, ME  04038

McGoldrick Bros Blasting Services                         *by facsimile: 207-892-3302*
11 Cherry Lane
Windham, ME  04062

Anthem Blue Cross and Blue Shield                         *by facsimile: 207-822-7526*
2 Gannett Drive
South Portland, ME  04106-6911

C N A Insurance                                           *by facsimile: 617-745-5284*
P.O. Box 382033
Pittsburgh, PA  15250-8033

Caterpillar Financial Services                            *by overnight mail*
P.O. Box 13834
Newark, NJ  07188-0834

Central Maine Power                                       *by facsimile: 207-621-3881*
P.O. Box 1084
Augusta, ME  04332-1084

City of South Portland                                    *by facsimile: 207-767-7620*
P.O. Box 9422
South Portland, ME  04116-9422

Fortin, Howgate & Harmon                                  *by facsimile: 207-879-0926*
210 Western Avenue
South Portland, ME  04106

Gillies & Prittie, Inc.                                   *by facsimile: 207-883-7812*
151 Pleasant Hill Road
Scarborough, ME  04074

Hanover Insurance Co.                                     *by facsimile: 866-818-7065*
P.O. Box 580045
Charlotte, NC  28258-0045

Harleysville Mutual Insurance Company                     *by facsimile: 215-256-5799*
P.O. Box 37712

Philadelphia, PA  19101-5012

Super Media f/k/a Idearc Media Group      *by facsimile:  800-793-4201*
P.O. Box 610830
DFW Airport, TX  75261

Internal Revenue Service         *by facsimile: 267-941-1015*
P.O. Box 7346
Philadelphia, PA  19101-7346

Kelly Remmel & Zimmerman       *by facsimile: 207-773-4895*
53 Exchange Street
P.O. Box 597
Portland, ME  04112

Office of the U.S. Attorney        *by facsimile: 207-780-3304*
100 Middle Street
East Tower, 6th Floor
Portland, ME  04101

OTT Communications         *by facsimile: 207-992-4074*
56 Campus Drive
New Gloucester, ME  04260

Our Oil, LLC           *by facsimile: 207-774-7449*
20 Alton Street
South Portland, ME  04106

Premium Assignment Corp.        *by facsimile: 850-893-8845*
P.O. Box 3100
Tallahassee, FL  32315-3100

Rampart Bituminous LLC        *by facsimile: 207-894-5182*
P.O. Box 756
Windham, ME  04062

Scarborough Sanitary District       *by facsimile: 207-883-7083*
415 Black Point Road
Scarborough, ME  04074

Sebago Technics          *by facsimile: 207-856-2206*
P.O. Box 1339
Westbrook, ME  04092

Skillings Shaw & Associates, Inc.       *by facsimile: 207-753-7310*
485 Main Street
P.O. Box 481
Lewiston, ME  04243-0481

Town of Baldwin          *by facsimile: 207-625-7780*
534 Pequawket Trail
West Baldwin, ME  04091

Town of Scarborough         *by facsimile: 207-730-4046*
P.O. Box 360
Scarborough, ME  04070-0360

Town of Standish *by facsimile: 207-642-5181*
175 Northeast Road
Standish, ME  04084

U.S. Cellular *by facsimile: 773-541-8945*
P.O. Box 371345
Pittsburgh, PA  15250-7345

U.S. Department of Treasury *by facsimile: 866-912-1304*
The CBE Group
P.O. Box 70958
Charlotte, NC  28272-0958

Webb Construction *by overnight mail*
22 Winslow Road
Gorham, ME  04038